

12 CIV 0929

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
AMERICAN LECITHIN COMPANY,
LIPOID GmbH,
LIPOID, LLC, and
PHOSPHOLIPID GmbH,

                        Plaintiffs,

-against-

CARSTEN MATTHIAS REBMANN,

                        Defendant.
-------------------------------------------------------x

## COMPLAINT

Plaintiffs American Lecithin Company, Lipoid GmbH, Lipoid, LLC, and Phospholipid GmbH, by their undersigned attorneys, as and for their Complaint against Defendant Carsten Matthias Rebmann, allege as follows:

### The Parties

1. Plaintiff American Lecithin Company is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Connecticut.

2. Plaintiff Lipoid GmbH is a limited liability company organized and existing under the laws of the Federal Republic of Germany with its principal place of business in Germany.

3. Plaintiff Lipoid, LLC, is a limited liability company organized and existing under the laws of the State of New Jersey with its principal place of business in New Jersey.

4. Plaintiff Phospholipid GmbH is a limited liability company organized and existing under the laws of the Federal Republic of Germany with its principal place of business in Germany.

5.Defendant Carsten Matthias Rebmann is a natural person resident in the City, County and State of New York, a former officer of both American Lecithin Company and Lipoid, LLC, and an ex-employee of the latter.

### Jurisdiction and Venue

6.This action arises under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. 1125(d). As a result, the Court has jurisdiction pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a). The Court has supplemental jurisdiction of the additional claims pursuant to 28 U.S.C. § 1367(a).

7.Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) in that Defendant resides in this district.

### Facts

8.Plaintiffs are a group of affiliated companies that manufacture and sell lecithin and phospholipid products for use in the pharmaceutical, cosmetic and dietetic industries.

9.For use in their business, they have registered trademarks in the United States, in relevant part as follows (hereinafter the "Trademarks"):

| Trademark | Registrant | Reg. Date and Number |
|---|---|---|
| Alcolec | Am. Lecithin Co. | Oct. 2, 2007; 3301136 |
| American Lecithin | Am. Lecithin Co. | Dec. 2, 2009; 3756437 |
| Cerasome | Lipoid LLC | June 8, 2010; 37798278 |
| Lipoid | Lipoid GmbH | Sept. 11, 1007; 3289399 |
| Nanosolve | Lipoid GmbH | May 19, 2009; 3621434 |
| Phosal | Phospholipid GmbH | Sept. 7, 2004; 2880858 |
| Phospholipon | Phospholipid GmbH | Nov. 16, 2004; 2902741 |
| Phytosolve | Lipoid GmbH | Jan. 31, 2006; 3055674. |

10.Defendant became an officer and employee of Lipoid, LLC, in 2004, and an officer of American Lecithin Company in 2007.

11. While an officer of American Lecithin Co. and/or Lipoid, LLC, Defendant registered under his own name, or transferred to his own name, as "owner" the following domain names: alcolec.com; americanlecithin.com; cerasome.com; lipoidllc.com; nanosolve.com; phosal.com; phospholipon.com; and phytosolve.com (hereinafter the "Domain Names").

12. As can be readily seen, each of the Domain Names incorporates one of the Trademarks, indeed, is essentially identical to one of the Trademarks.

13. Upon information and belief, Defendant's original registration or transfer to himself of the various Domain Names, as the case may be, was wrongful and in bad faith since they should have been registered in the name of either of the companies of which he was then an officer and fiduciary.

14. Defendant, in addition, has registered two other domain names, phospholipids.net and cochleates.com, both of which use generic terms for products that are of the type Plaintiffs manufacture and/or sell.

15. Plaintiffs operate two websites, at americanlecithin.com and lipoid.com. The URLs alcolec.com, phosal.com and phospholipon.com redirect to americanlecithin.com. The URL lipoidllc.com redirects to lipoid.com.

16. The URLs cerasome.com, nanosolve.com and phytosolve.com redirect to cochleates.com.

17. On or about August 11, 2011, all of Defendant's positions with American Lecithin Co. and Lipoid, LLC, were terminated, and the letter confirming termination, dated August 25, 2011, included a direction to turn over all property of the two companies and all information necessary for the operation of the Lipoid, LLC, website.

18. Defendant, however, nonetheless retained his ownership of the Domain Names.

19. Plaintiffs have twice, by letters dated November 7 and December 16, 2011, demanded the transfer of the Domain Names from Defendant to American Lecithin Company or Lipoid, LLC.

20. Defendant has not responded to any of the demands to transfer the Domain Names and has not transferred them.

21. Defendant retains complete control over the Domain Names and is therefore using them.

22. His retention of the Domain Names has no possible purpose but a bad faith intent to profit from the Trademarks incorporated in the Domain Names, whether by diverting business to himself, directly or indirectly, from Plaintiffs and/or by seeking compensation from Plaintiffs for transferring the Domain Names to them.

23. Defendant's bad faith is further evidenced by: (a) the fact that the Domain Names are essentially identical to Plaintiffs' Trademarks; (b) the exclusive use heretofore of the Domain Names to market Plaintiffs' goods, and (c) his registration of additional domain names using generic product names, evidencing an intent to compete with Plaintiffs.

24. Any use by Defendant of any of the Domain Names for any of his own purposes poses a likelihood of confusion for the public as to the identities of Plaintiffs and the origin of their products.

25. When a person looking for any of Plaintiffs or any of their products lands on any of Defendant's domains, that person may have information intercepted by Defendant, and this traffic is not added to Plaintiffs' traffic data, thereby disrupting the accurate valuation of their websites.

26. Plaintiffs have never authorized or consented to Defendant's use of the Trademarks other than as an employee, officer and fiduciary of one or more of Plaintiffs.

27. Defendant's use of the Domain Names and his retention of them despite due demand by Plaintiffs for their transfer is deliberate, willful, wonton, malicious and in conscious, deliberate, spiteful disregard of Plaintiffs' rights.

28. Plaintiffs have sustained and will, unless Defendant is restrained and enjoined from such retention and use, continue to sustain irreparable injury as a result of Defendant's retention and use of the Domain Names, injury not compensable by monetary damages.

### FIRST CLAIM FOR RELIEF
(Cybersquatting, 15 U.S.C. § 1125(d))

29. Plaintiffs adopt by reference paragraphs one through twenty-eight as if here fully set forth.

30. Defendant is therefore liable to Plaintiffs pursuant to the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

31. Pursuant to 15 U.S.C. § 1117(a) & (d), Plaintiffs are entitled to recover from Defendant either (a) Defendant's profits and the damages sustained by Plaintiffs, or, (b) at their election, statutory damages of not more than $100,000 per domain name, as the Court considers just.

32. In addition, pursuant to 15 U.S.C. § 1125(d)(1)(c), the Court should order the transfer of each of the Domain Names to the Plaintiff that owns the corresponding Trademark.

### SECOND CLAIM FOR RELIEF
(Breach of Fiduciary Duty)

33. Plaintiffs adopt by reference paragraphs one through twenty-eight as if here fully set forth.

34. Defendant, as an officer of American Lecithin Company and of Lipoid, LLC, had a fiduciary duty of loyalty and to take reasonable care of their assets, including their intellectual property, a duty to act solely in their best interest and to avoid self-dealing and any conflict of interest, duties that also extended to their affiliates.

35. Defendant's registration of the Domain Names in his own name was for his own personal benefit, violated his fiduciary duties and was thus wrongful.

36. Plaintiffs were therefore deprived of valuable intellectual property.

37. As a result, Defendant is liable to Plaintiffs for his breaches of fiduciary duty.

38. Plaintiffs are entitled to recover from Defendant for this loss, including the transfer to them of the Domain Names, any damages suffered in the meantime, and punitive damages.

## THIRD CLAIM FOR RELIEF
(Conversion)

39. Plaintiffs adopt by reference paragraphs one through twenty-eight as if here fully set forth.

40. By virtue of their Trademarks and/or the appointment of Defendant as an officer and/or employee, Plaintiffs had a right to possession of the Domain Names.

41. Defendant's registration of the Domain Names in his own name was the unauthorized assumption and exercise of a right of ownership to the wrongful exclusion of Plaintiffs' rights.

42. Defendant is exercising dominion and control over the Domain Names in derogation of Plaintiffs' rights therein.

43. Plaintiffs have therefore been deprived of valuable intellectual property.

44. As a result, Defendant is liable to Plaintiffs for his conversion.

45.  Plaintiffs are entitled to recovery from Defendant for this loss, including the transfer to them of the Domain Names, any damages suffered in the meantime, and punitive damages.

WHEREFORE Plaintiffs demand judgment against Defendant:

(1)  On their First Claim, for injunctive relief ordering the transfer to them of the Domain Names and for either actual or statutory damages of up to $100,000 per domain name, per Plaintiffs' election, along with, pursuant to 15 U.S.C. § 1117(a), the costs of the action and reasonable attorney fees;

(2)  On their Second Claim, for injunctive relief ordering the transfer to them of the Domain Names, for their damages and for punitive damages; and

(3)  On their Third Claim, for injunctive relief ordering the transfer to them of the Domain Names, for their damages and for punitive damages.

Dated: February 6th, 2012

Respectfully submitted,

_____
Gregory F. Hauser
Wuersch & Gering LLP
100 Wall Street, 21st Floor
New York, New York 10017
(212) 509-4717
Attorney for Plaintiffs