# Samuel Goldman & Associates

1185 Avenue of the Americas, 18th Floor
New York, New York 10036
Phone: (212) 725-1400  Fax: (212) 725-0805

January 5, 2016

**Via ECF**
U.S. District Court Judge Vernon S. Broderick
U.S. District Court for the Southern District of New York
40 Foley Square, Room 518
New York, NY 10007

Re: *American Lecithin Co. et al. v. Rebmann*, Case No. 12-cv-00929-(VSB)

Your Honor:

      We represent Defendant C. Matthias Rebmann in the above-referenced matter. We are writing in response to Your Honor's December 28, 2015 Order instructing us to identify with specificity the discovery that is outstanding regarding Plaintiffs' original claims and why the timeline proposed in the December 23, 2015 letter is warranted (Dkt. 242).

      During his April 29, 2015 deposition, Dr. Herbert Rebmann repeatedly stated that he had no knowledge of the underlying facts relating to these claims, including the allegations of bad faith or wrongdoing by Defendant, the alleged damages suffered by the four Plaintiffs or even who had authorized the filing of Plaintiffs' lawsuit (Dkt. 207-1, 4/29/15 Herbert Rebmann Deposition, "Herbert Dep." at 311-312, 315-316, 318-321). After repeated questioning, Dr. Rebmann exclaimed, "I know nothing about this. And don't ask me [a] thousand times. I – I know nothing" (*Id.* at 320). At a minimum, additional discovery is necessary to ascertain who has knowledge of the facts alleged in Plaintiff's lawsuit and then to obtain whatever documents these individuals have in their possession and control that may be relevant to the claims made by the four Plaintiffs.

      Further, many of the individuals that may have relevant knowledge are located in Europe and may also have relevant knowledge relating to Defendant's counterclaims and third-party claims. Defendant would like as a matter of expediency and cost, not to have to take their depositions twice – once on the claims and again on the counterclaims and third-party claims.

      Finally, although there has been some document production in this case, Plaintiffs have objected to some of Defendant's prior requests on the grounds that they were overbroad. Defendant would like an opportunity for additional discovery in order to make more specific requests. In particular, Defendant would like to request documents relevant to the key elements of the claims against him, including alleged bad faith intent to profit from the domain names as well as alleged diversion of customers from Plaintiffs. Defendant also seeks documents relevant to his authority and the limitations on his authority as might be relevant to Plaintiff's claims.

U.S. District Court Judge Vernon S. Broderick
January 5, 2016
Page 2

Plaintiffs reserve their right to object to any of the new requests, including on the ground that they are duplicative of requests to which Plaintiffs have already responded. Similarly, Defendant reserves his right to object to any new requests by Plaintiffs.

In addition, Plaintiffs will seek document, interrogatory and possibly a deposition of Defendant concerning any and all of Defendant's actions with regard to the domain names since he left the employ of Lipoid, LLC, and Am. Lecithin, such as what has happened to all the e-mails sent to those domains, whether he has renewed registrations, and related topics.

For the forgoing reasons and due to certain scheduling issues relating to Defendant's schedule, we would request the Court approve the following discovery schedule:

Document production requests and interrogatories consistent with the foregoing will be due on January 19, 2016. Responses will be due on February 19, 2016. This deadline may be extended by not more than 30 days by agreement of the parties. Notices of deposition for witnesses in the United States must be served no later than March 18, 2015, assuming the February 19, 2016 deadlines are met. If they are not, the deposition notice dates may be extended for up to 30 days after the postponed deadlines.

Subject to the responses to interrogatories and additional documents produced, the deponents Defendant intends to depose in the United States are Bruce Baretz, Lipoid LLC officer, and Randy Zigmont, American Lecithin Company officer. Both of them are likely to have firsthand knowledge of the issues relevant to the allegations in the complaint. In documents already produced, Mr. Baretz and Mr. Zigmont communicated with Defendant regarding the relevant domain names. Defendant may wish to depose Mark Gerandano, a Lipoid Group technology officer in the United States.

Defendants propose to defer noticing the deposition of Andreas Kolodziej, the Lipoid Group German operations technology manager named by Dr. Rebmann (Herbert Dep. at 312) until 60 days after the Court determines the current motions to dismiss.

Plaintiff's counsel joins me in requesting that the Court approve the above discovery schedule relating to Plaintiff's claims.

We thank the Court for its consideration of this revised proposal.

Respectfully submitted,

Samuel Goldman

cc: Gregory Hauser
    Sherica Bryan
    Counsel for Plaintiffs

The deadline for document production and interrogatories related to Plaintiff's claims is January 19, 2016. The deadline for responses is February 19, 2016. The deadline for noticing depositions is March 18, 2016. The deadline for all discovery on Plaintiff's claims is April 20, 2016. The parties must seek Court approval for any extensions of these deadlines. No extensions will be granted absent a showing of good cause.

SO ORDERED:

HON. VERNON S. BRODERICK 1/7/2016
UNITED STATES DISTRICT JUDGE