# WUERSCH & GERING

**Gregory F. Hauser** | **Partner**
E-mail gregory.hauser@wg-law.com
Direct 212-509-4717

February 26, 2016

**VIA ECF**

U.S. District Court Judge Vernon S. Broderick
U.S. District Court for the Southern District of New York
40 Foley Square, Room 514
New York, NY 10007

      Re: *American Lecithin Co. et al v. Rebmann*, Case No. 1:12-cv-929-VSB-KNF

Your Honor:

This is to respond to the letter to you from Defendant's counsel of 24 February 2016 concerning certain depositions.

Discovery closed on the original claims in this action (by the four Plaintiffs against the Defendant) on August 27, 2012, by order of Judge Abrams, well over three years ago, although discovery on the issue of personal jurisdiction over the additional Counterclaim Defendants—erroneously styled Third-party Defendants—continued.

At the parties' conference with the Court on December 4, 2015, the Court asked for a joint letter indicating any additional discovery the parties might see the need for concerning the original claims. The parties submitted such a letter on December 23, 2015. The Court rejected that request by order dated December 28, 2015, as follows (emphasis added): "Without more specific information regarding the nature of the proposed additional discovery, I cannot assess whether this schedule is reasonable. The parties should identify with specificity the discovery they believe is outstanding and state why this discovery warrants the timeline proposed in this letter. ***To the extent the additional discovery includes depositions the parties should identify the deponent and the expected relevance of the testimony.*** The parties should submit a revised proposal by January 5, 2016."

In the revised proposal, submitted on January 5, 2016, Defendant, having had a full month plus one day to consider what discovery he wanted, named four potential deponents (three of which he has since noticed for deposition). The Court "So Ordered" the proposal on January 7, 2016.

Defendant has since attempted to notice the deposition of three additional deponents, without having identified any of them in the letter to the Court of January 5. We informed Defendant that

Wuersch & Gering LLP     Firm 212-509-5050
100 Wall Street, 10th Floor    Web wg-law.com
New York, NY 10005

those notices violated the Court's orders of December 23 and January 7, when read together, and even quoted the emphasized language above from the order of December 23 in an e-mail to Defendant's counsel. His letter to the Court of February 24, 2016, self-servingly and disingenuously fails to address the Court's order of December 23. There is no good reason to allow Defendant to treat this as a rolling set of ever expanding requests for additional discovery, which the Court's orders were plainly intended to prevent. His counsel's letter does not even attempt to identify the expected relevance of the testimony of the additional deponents other than a conclusory statement that they are "necessary". They are so necessary, it seems, that the need for them escaped Defendant entirely when writing the two previous proposals for additional discovery.

The permission Defendant requests should be denied.

Respectfully yours,

Gregory F. Hauser

cc: (via e-mail only)

Counsel for Defendant