UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
AMERICAN LECITHIN COMPANY,
LIPOID GmbH, LIPOID, LLC, and
PHOSPHOLIPID GmbH,

                                Case No. 12-cv-00929-VSB-KNF

                       Plaintiffs,

-against-

CARSTEN MATTHIAS REBMANN,

        Defendant, Counterclaim
        and Third-Party Plaintiff,

-against-

HERBERT REBMANN,

        Third-Party Defendant.
--------------------------------------------------------x

## ANSWER TO FIRST COUNTERCLAIM AND NINTH AND ELEVENTH THIRD-PARTY CLAIMS IN THE SECOND AMENDED ANSWER

       Plaintiffs and Third-Party Defendant hereby answer the First Counterclaim and the Ninth and Eleventh Third-Party Claims in the Second Amended Answer, dated May 15, 2015 (as modified by the Court's Order, entered September 30, 2017, dismissing certain Counterclaims, Third-Party Claims and Third-Party Defendants from this action, hereinafter the "Dismissal Order"), as follows:

       68-76.  Admits the allegations of paragraphs 68 through 76.

       77-79.  No answer necessary; see Dismissal Order.

       80.  Admits that Lipoid Grundstuecks GmbH is a German limited liability company and denies the remainder of the allegations of paragraph 80.

       81.  No answer necessary; see Dismissal Order.

82. Admits the allegations of paragraph 82, except denies the allegations of the last sentence thereof.

83-86. Admits the allegations of paragraphs 83 through 86.

87. Denies the allegations of paragraph 87, except admits that Lipoid Grundstuecks GmbH owns real property in Ludwigshafen that is leased to one or more other Lipoid Group entities, that Lipoid GmbH has conducted some aspects of the business that were originally conducted by Lipoid KG, and that there are different ownership structures for Lipoid GmbH, Lipoid AG and Lipoid Grundstuecks GmbH.

88. Denies the allegations of paragraph 88, except admits that Matthias had a ten percent interest in Lipoid Grundstuecks GmbH, which owned real property in Ludwigshafen leased to one or more other Lipoid entities, and that he had no interest in any other affiliated or related entity.

89-90. Denies the allegations of paragraphs 89-90.

91. Admits the allegations of paragraph 91, except denies that the other companies were successors to Lipoid KG.

92. Denies the allegations of paragraph 92, except admits that the Lipoid Group includes Swiss and German entities, that the overall structure of the Lipoid Group is complex and is partially attributable to tax considerations, and that it has changed from time to time.

93. Denies the allegations of paragraph 93.

94. Admits the allegations of the first sentence of paragraph 94 and denies the remainder of the allegations thereof.

95. Denies the allegations of paragraph 95.

96-100. Admits the allegations of paragraphs 96 through 100.

101.  Admits the allegations of paragraph 101, except denies that the opportunity offered to Matthias was full responsibility for the U.S. operations of the Lipoid Group.

102.  Denies the allegations of paragraph 102, except admits that Herbert and Matthias discussed and entered into an agreement between Matthias and Lipoid, LLC.

103-107.  Denies the allegations of paragraph 103-107, except admits that Matthias caused Lipoid, LLC to file a letter in support of his immigrant visa petition.

108.  Admits the allegations of paragraph 108.

109.  Denies the allegations of paragraph 109.

110.  Admits the allegations of paragraph 110, except denies that there were numerous such visits and meetings by Herbert.

111.  Denies the allegations of paragraph 111, except admits that this may have happened infrequently.

112.  Denies the allegations of the first sentence of paragraph 112 and admits the allegations of the second sentence thereof.

113-115.  Denies the allegations of paragraphs 113-115, except admits that in or about 2007 ALC was acquired by an entity within the Lipoid Group.

116.  Denies the allegations of paragraph 116, except admits that two entities within the Lipoid Group provided loans to Matthias, which funds he used to acquire a co-operative apartment in New York City.

117.  Denies the allegations of paragraph 117, except admits that Matthias signed a promissory note in favor of Complector AG n/k/a Lipoid Verwaltungs AG in the amount of $700,000, the amount of funds provided to him by Complector AG.

118.  Denies the allegations of paragraph 118.

119. Admits that there was an increase in Lipoid sales in the U.S. from the time that business started but otherwise denies the allegations of paragraph 119.

120-121. Denies the allegations of paragraphs 120-121.

122. Denies the allegations of paragraphs 122, except admits that Matthias's inheritance from his mother was applied to his debt from his apartment purchase.

123-124. Denies the allegations of paragraph 123-124.

125. Admits the allegations of paragraph 125, except denies that Herbert abruptly yelled at Matthias and further denies the relevance of any of this paragraph's allegations.

126-129. Denies the allegations of paragraph 126-129.

130. Admits the allegations of paragraph 130.

131-137. Denies the allegations of paragraphs 131 through 137, except admits that the four Plaintiffs commenced this action against Matthias and states that the claims against him speak for themselves.

138. Admits the allegations of paragraph 138.

139-145. Denies the allegations of paragraphs 139 through 145, except (a) admits that Matthias's membership in the Phospholipid Research Center was cancelled and (b) admits that Matthias's interest in Lipoid Grundstuecks GmbH made him subject to a non-competition agreement and that his various positions with Lipoid LLC and ALC carried with them legal duties of confidentiality, which information has been shared with "business relations".

146. Admits the allegations of paragraph 146.

147-148. Denies the allegations of paragraph 147-148.

149-152. Denies the allegations of paragraphs 149 through 152, except admits that on or about the date stated the members of Lipoid Grundstuecks GmbH voted to withdraw Matthias's

ownership interest in that company for the reasons stated in subparagraphs 149 (a) through (c) and that Matthias was absent from the meeting despite being notified and invited.

153-155.  Declines to answer these paragraphs because they contain no allegations of fact but only legal arguments.

156-202.  No answer necessary; see Dismissal Order; to the extent any answer is nonetheless necessary, denies the allegations except admits that both Lipoid LLC and ALC are 100% owned by Lipoid Verwaltungs AG.

### First Counterclaim

203.  Adopts by reference its answers to paragraphs 68 through 202.

204-207.  Denies the allegations of paragraphs 204 through 207.

### Second Counterclaim through Eighth Third-Party Claim

208-256.  No answer necessary; see Dismissal Order.

### Ninth Third-Party Claim

257.  Adopts by reference its answers to paragraphs 68 through 256.

258-263.  Denies the allegations of paragraphs 258 through 263, except admits that Matthias had an ownership interest in Lipoid Grundstuecks GmbH.

### Tenth Third-Party Claim

264-268.  No answer necessary; see Dismissal Order.

### Eleventh Third-Party Claim

269.  Adopts by reference its answers to paragraphs 68 through 268.

270-283.  Denies the allegations of paragraphs 270 through 283.

### Twelfth (erroneously designed Eleventh) Counterclaim and Third-Party Claim

284-289.  No answer necessary; see Dismissal Order.

**<u>Affirmative Defenses</u>**

1. Defendant's Counterclaim and Third-Party Claims, and each of them, fail to state a claim upon which relief can be granted.

2. Defendant's Third-Party Claims are entirely subject to German law, which provides that his exclusive remedy, if any, is an action against the Company in a German court, barring any relief here.

**WHEREFORE,** Plaintiffs and Third-Party Defendant Herbert Rebmann demand judgment dismissing Plantiff's Counterclaims and Third-Party Claims in their entirety and granting such other and further relief as to the Court seems just and proper.

Dated: May 25, 2018

Respectfully submitted,

_____
Gregory F. Hauser
Sherica R. Bryan
Claudio A. Guler
Wuersch & Gering LLP
100 Wall Street, 10th Floor
New York, New York 10005
Tel: (212) 509-5050
Fax: (212) 509-9559
*Attorneys for Plaintiffs and for Third-Party Defendant Herbert Rebmann*

To: Samuel Goldman, Esq.
Samuel Goldman & Associates
1185 Avenue of the Americas, 18th Floor
New York, NY 10036
Tel: (212) 725-1400
Fax: (212) 725-0805
*Attorneys for Defendant and Third-Party Plaintiff*

## Certificate of Service

I am an attorney at Wuersch & Gering LLP, counsel for Plaintiffs and Third-Party Defendant Herbert Rebmann in the above-captioned proceeding.  I hereby certify that on May 25, 2018, I caused the foregoing **Answer to First Counterclaim and Ninth and Eleventh Third-Party Claims in the Second Amended Answer** to be served electronically via the United States District Court, Southern District of New York Court's ECF system upon those parties entitled to receive electronic notice.

_____
Gregory F. Hauser