# WUERSCH & GERING

**Gregory F. Hauser** | Partner
E-mail Gregory.Hauser@wg-law.com
Direct 212-509-4717

October 22, 2018

**By ECF:**
Hon. Vernon S. Broderick
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Am. Lecithin Co. et al.* v. *Rebmann*, 12-CV-929 (VSB)

Your Honor:

> I am in receipt of the parties' joint letter. (Doc. 263.) Accordingly, the pending motion to consolidate, (Doc. 254) is denied as moot and the pending motion for remand, which appears to have been erroneously filed in this matter rather than the related matter, (Doc. 257), is denied. I will separately enter an order referring this matter to the Magistrate Judge to resolve the parties' outstanding discovery disputes, including issues regarding the scheduling of further discovery and post-discovery motions.
>
> SO ORDERED:
> /s/ Vernon Broderick
> HON. VERNON S. BRODERICK  10/23/2018
> UNITED STATES DISTRICT JUDGE

   This is a joint letter on behalf of all parties pursuant to the Court's order of October 12, 2018.  The parties see no reason why the pending motions to consolidate and to remand should not be denied.

1. <u>Status of discovery on Plaintiffs' original claims</u>:  This is largely complete, although Plaintiffs need document and deposition discovery as to the status of the domain names and emails to those domains over the last five years; Defendant's existing deposition testimony is from 2012.  Defendant's counsel takes the position that this additional discovery is inappropriate since Defendant offered to deliver the domain names to Plaintiffs early in this litigation as part of a Rule 68 Offer of Judgment, and Plaintiffs rejected this offer.  Plaintiffs' counsel counters that Defendant needs to be deposed again in any event since the first assertion of counterclaims post-dates his 2012 deposition and the offer to return the domain names came in a Rule 68 Offer of Judgment that precluded Plaintiffs' statutory, compensatory and punitive damages claims. Defendant disagrees with this.  Defendant requires discovery on the remaining issues in the case, which has not yet occurred.

2. <u>Proposed schedule for completing discovery on the remaining counterclaims/third-party claims</u>:  The parties anticipate needing ninety days for document and other written discovery and another ninety days for depositions.  Plaintiffs sent proposed case management orders to Defendant on March 23 and August 31 of this year but believe they received no response. Defendant believes he did respond to the first proposal and was diverted from responding to the second by the filing of the State Court action and the proceedings to remand it.

Hon. Vernon S. Broderick                                                                                           P a g e | 2
                                                                                                                    October 22, 2018

3. <u>Status of settlement discussions</u>:  The last settlement discussions were before the recently decided motions to dismiss and because the parties were far apart, were exceedingly brief.  The Court's decision of September 30 greatly reduced the financial scope of the action, but the parties have not yet had the time to reconsider their positions on settlement.

4. <u>Other issues</u> 1 The one remaining Third-party Defendant, Herbert Rebmann, would like to move for summary judgment on the third-party claim for conversion on the grounds that (i) it was Lipoid Grundstuecks GmbH (the "Company") as a company and not he that took Defendant's shares, and (ii) under German law, Defendant's exclusive remedy is an action against the Company.

5. <u>Other Issues</u> 2: Defendant intends to make a summary judgment motion dismissing the claims of Plaintiffs and seeking an award of attorney's fees and expenses on the basis that, among other things, Defendant formally offered to deliver all of the domain names to Plaintiffs, but Defendants refused this offer.  Plaintiffs consider a Rule 68 offer that precluded their damages claims to be an insufficient basis for summary judgment.  Defendants disagree with this.

Respectfully yours,


  /s/ Samuel Goldman                                                           _____
    Samuel Goldman                                                                Gregory F. Hauser


cc:     Claudio A. Guler