UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
AMERICAN LECITHIN COMPANY,
LIPOID GmbH, LIPOID LLC, and
PHOSPHOLIPID GmbH,

                              Plaintiffs,                      Case No. 12-cv-00929-VSB-KNF

-against-


CARSTEN MATTHIAS REBMANN,
                Defendant, Counterclaim
                and Third-Party
                Plaintiff,
-against-

HERBERT REBMANN, LIPOID STIFTUNG,
LIPOID BETEILIGUNGS GmbH,
LIPOID VERWALTUNGS AG,
LIPOID GRUNDSTUECKS GmbH, and
PHOSPHOLIPID FORSCHUNGSZENTRUM e.V.,

                            Third-Party Defendants.
--------------------------------------------------------x


**MEMORANDUM OF LAW IN SUPPORT OF THIRD-PARTY DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**


**Preliminary Statement**

This case began as a modest federal question claim under the Anticybersquatting Consumer Protection Act, after the Defendant left his positions as CEO of the two American Plaintiffs holding in his own personal name the registrations to eight domain names incorporating trademarks owned by the four Plaintiffs and persisted in refusing to return them.

Defendant responded with a long litany of counterclaims and third-party claims against the plaintiffs and a host of third-party defendants, most of which counterclaims, third-party claims, and third-party defendants have been dismissed. *See* Memorandum and Opinion, dated

1

September 30, 2017/Dkt. 249. Of the few remaining, this motion seeks summary judgment on the Ninth Third-Party Claim, which asserts a claim for conversion.

In that claim, Defendant alleges that the lone remaining Third-Party Defendant, his father, Dr. Herbert Rebmann, converted Defendant's ten percent ownership interest in a German limited liability company that is among the dismissed third-party defendants, Lipoid Grundstücks GmbH (hereinafter "Lipoid G"). In fact, while Defendant's pleading alleges that Dr. Rebmann took the shares, in two affidavits filed by Defendant in this lawsuit he admits—indeed, by submitting the minutes of the shareholders' meeting, proves—that it was the company that took the shares, not Dr. Rebmann (although Defendant claims that Dr. Rebmann "caused" this). Because Dr. Rebmann has not exercised unauthorized dominion over those shares, an essential element of a conversion claim, there can be no such claim against him, and summary judgment should be granted in his favor.

**Facts**

As set forth in the accompanying Local Rule 56.1 Statement:

1. Defendant Carsten Matthias Rebmann resides in the City and State of New York. (Second Amended Answer, Counterclaims and Third-Party Claims/Dkt. 187, hereinafter "2d Am. Ans.", ¶ 7; Answer to First Counterclaim and Ninth and Eleventh Third-Party Claims/Dkt. 261, hereinafter "Reply", ¶ 71.)

2. Third-Party Defendant Herbert Rebmann (hereinafter "Dr. Rebmann") resides in Germany. (2d Am. Ans. ¶ 76; Reply ¶ 76.)

3. Defendant has asserted a Third-Party Claim against Dr. Rebmann for conversion of Defendant's ownership shares of former Third-Party Defendant Lipoid Grundstücks GmbH

(hereinafter "Lipoid G").  (2d Am. Ans. ¶¶ 257-63; *see also* Memorandum & Opinion of Sept. 30, 2017/Dkt/ 249 at 9-20, finding no personal jurisdiction over Lipoid G.)

4. Defendant is a former owner of ten percent of Lipoid G.  (2d Am. Ans. ¶¶ 82-88; Reply ¶¶ 82-88 & 258-63.)

5. Defendant has alleged in his Third-Party Claim that Dr. Rebmann took Defendant's shares in Lipoid G, which Dr. Rebmann has denied.  (2d Am. Ans. ¶¶ 257-63; Reply ¶¶ 257-63.)

6. In fact, Defendant has (a) admitted in his pleading that the taking of his shares happened by shareholder meeting resolutions, (b) admitted in affidavits filed in this action that it was the company Lipoid G that took his shares by action of the shareholders at a shareholders' meeting on January 9, 2103, and (c) provided a translated copy of the minutes of that meeting showing that the company mandated he forfeit his shares and itself exercised possession of the replacement shares; in addition, the Defendant has stated by affidavit that it is Lipoid G that owes him compensation for the shares, not Dr. Rebmann.  (2d Am. Ans. ¶¶ 149-50; Defendant's Affidavit Oct. 18, 2013, ¶ 15 & Ex. D/Dkt. 74 & 78; Defendant's Affidavit October 9, 2015 ¶¶ 48 & 51/Dkt. 206.)

7. Third-Party Defendant Herbert Rebmann confirms that it was Lipoid G, not he, that took Defendant's ownership interest by vote of its shareholders, that Defendant's shares were not transferred to him, and that he never received any interest in, possession of, or custody or control of those shares.  (Rebmann Decl. ¶¶ 5-8.)

To elaborate:

- In his Second Amended Answer, Defendant pleaded that his ten percent interest was taken away "for cause" by corporate resolutions adopted by the shareholders.  (2d

Am. Ans. ¶¶ 149-50.)

- In his affidavit of October 18, 2013, Defendant testified that he received notice of a Lipoid G shareholders meeting to consider taking away his shares, which took place on January 9, 2013, and at that meeting the shareholders voted to take away his shares (¶¶ 12 &15).

- In addition, he attached a copy of the minutes of the shareholders meeting minutes, in German and in translation (Ex. D), which state that the shareholders voted unanimously to "exclude" him from the company, that his shares be forfeit and that in replacement a new block of shares be created, held by the company, *i.e.*, there was no transfer of Defendant's shares to Dr. Rebmann or anyone else.

- In his affidavit of October 9, 2015, Defendant testified that "Herbert caused Lipoid G to wrongfully take my 10% interest as a shareholder in Lipoid G" (¶ 48), that it is Lipoid G that owes him compensation for that taking (*id.*), and that the taking was a result of the shareholders meeting (¶ 51).

## Argument

An essential element of a claim for conversion is that the "defendant exercised an unauthorized dominion over the thing in question, to the alteration of its condition or to the exclusion of the plaintiff's rights." *Board of Managers v. Palazzolo*, 346 F. Supp. 3d 432, 466 (S.D.N.Y. 2018). More specifically:

> According to New York law, "[c]onversion is the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights." *Vigilant Ins. Co. of Am. v. Hous. Auth.*, 87 N.Y.2d 36, 44, 637 N.Y.S.2d 342, 660 N.E.2d 1121 (1995) (internal quotation marks omitted). This includes a "denial or violation of the plaintiff's dominion, rights, or possession" over her property. *Sporn [v. MCA Records, Inc.]*,

> 58 N.Y.2d at 487, 462 N.Y.S.2d 413, 448 N.E.2d 1324 [(1983)]. It also requires that the defendant exclude the owner from exercising her rights over the goods. *New York v. Seventh Regiment Fund, Inc.*, 98 N.Y.2d 249, 259, 746 N.Y.S.2d 637, 774 N.E.2d 702 (2002).

*Thyroff v. Nationwide Mutual Ins. Co.*, 460 F.3d 400, 403-04 (2d Cir. 2006).

Dr. Rebmann did not exercise any dominion or assume any right of ownership over Defendant's ten percent interest in Lipoid G.  It was the company, acting through its shareholders as a group, that took the shares and replaced them with shares held by the company. It was not Dr. Rebmann who excluded Defendant from Lipoid G and stripped him of his ownership share, depriving him of any rights, but the company Lipoid G itself.

Defendant might have a claim of some sort against Lipoid G[1], but has no conversion claim against Dr. Rebmann.  As a result, he should be awarded summary judgment in his favor on Defendant's Ninth Third-Party Claim for Conversion.

### Conclusion

For the foregoing reasons, Third-Party Defendant's Motion for Partial Summary Judgment should be granted in its entirety.

**[signature on following page]**

---

[1] Any such claim would, per the internal affairs doctrine, be governed by German law and, since the Court has already held there is no personal jurisdiction over Lipoid G., must be pursued in Germany.  Nor would that claim against Lipoid G support an aiding and abetting claim against Dr. Rebmann since the claim would be in contract and not tort.  *See, e.g., Kun v. Fulop,* 71 A.D.2d 832, 833-34, 896 N.Y.S.2d 462, 463-64 (2d Dept. 2010) ("the relationship between a corporation and its stockholders is contractual").  A claim based on contract excludes a tort claim based on the same material facts.  *See, e.g., Elkon v. American Reliable Ins. Co.*, No. 08-CV-3717, 2010 WL 11629550, *7-8 (E.D.N.Y.  Feb. 23, 2010).

Dated:  March 1, 2019

                                          Respectfully submitted,

                                          _____

                                          Gregory F. Hauser  
                                          Wuersch & Gering LLP  
                                          100 Wall Street, 10th Floor  
                                          New York, New York 10005  
                                          (212) 509-5050  
                                          *Attorneys for Plaintiffs and for Third-Party Defendant Herbert Rebmann*

## **CERTIFICATE OF SERVICE**

I am an attorney at Wuersch & Gering LLP, counsel for the Third-Party Defendants, in the above-captioned proceeding. I hereby certify that on March 1, 2019, I caused the foregoing **Memorandum Law in Support of Partial Summary Judgment** to be served electronically via the United States District Court, Southern District of New York Court's ECF system upon those parties entitled to receive electronic notice.

_____
Gregory F. Hauser