UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMERICAN LECITHIN COMPANY, LIPOID GmbH, LIPOID, LLC, and PHOSPHOLIPID GmbH,

        Plaintiffs,

-v-

CARSTEN MATTHIAS REBMANN,

        Defendant and
        Third-Party Plaintiff,

-v-

HERBERT REBMANN, LIPOID STIFTUNG, LIPOID BETEILIGUNGS GmbH, LIPOID VERWALTUNGS AG, LIPOID GRUNDSTUECKS GmbH, and PHOSPHOLIPID FORSCHUNGSZENTRUM e.V.,

        Third-Party Defendants.

Case No. 12-cv-00929-VSB

Document Electronically Filed

**DEFENDANT'S LOCAL RULE 56.1 STATEMENT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

---

Defendant Carsten Matthias Rebmann ("Matthias") contends that the following are the material facts in this action as to which there is no genuine issue to be tried, as established by the pleadings, the discovery record in this action, and the accompanying affirmation and exhibits thereto.

1. Matthias, while he was head of Lipoid LLC and ALC, set up hosting and email services for them, using domain names americanlecithin.com and lipoidllc.com; at the request of, and with full knowledge and participation, of employees of the Lipoid Group, to resolve major difficulties they were having with their email and internet services.

2. Matthias had obtained the other domain names at issue in this case - alcolec.com; cerasome.com; nanosolve.com; phosal.com; phospholipon.com; and phytosolve.com at his own

initiative to protect the Lipoid Group in case they might want to use them in the future.

3. Matthias had used his personal account to set up these services and the domain names were registered in his account, but, in all respects, they were used, if at all, only for Lipoid Group purposes.

4. Matthias had been billed for and was personally paying all of the costs associated with these services.

5. All of this was done with the full knowledge of Herbert Rebmann, Matthias father and head of the Lipoid Group of companies based in Germany and Switzerland.

6. When Matthias was fired, he offered to transfer of the domain names and asked that he reimbursed for the expenses he had incurred in establishing and maintaining services on them.

7. Herbert ignored Matthias' offer and instead set up new email accounts for Lipoid LLC and ALC and a new domain name for ALC, so that the companies could function without needing anything from Matthias.

8. Herbert started this litigation, claiming "irreparable harm," after he had taken steps to assure there would be no harm.

9. Matthias at all times was willing to turn over the domain names, but initially sought reimbursement.

10. To avoid protracted litigation with his father, Matthias offered to turn them over even without reimbursement of his expenses.

11. Herbert still refused to take them and opted instead to continue this litigation.

12. The laptop and "CRM software" which Plaintiffs seek to cause Matthias to transfer

to them or destroy belonged to Matthias, who had purchased them from Lipoid LLC at his father's instruction.

15. The so-called "CRM software" on Matthias' laptop was nothing more than a contact manager and contained no trade secrets or proprietary information.

14. To avoid ongoing litigation with his father, which he could not afford, Matthias offered to "return" them even though they belonged to him.

15. Herbert, rejected taking them in favor of continuing the lawsuit.

The citations to the record are contained in Defendant's Memorandum of Law submitted herewith.

Date: March 1, 2019

                                    Respectfully submitted,
                                    SAMUEL GOLDMAN & ASSOCIATES

By: _____
Samuel Goldman
200 Park Avenue, Suite 1700
New York NY, 10166
Tel. (212) 725-1400
Fax. (212) 725-0805
Email: sg@sgalaw.com
*Attorneys for Defendant and Third-Party Plaintiff*

To:    Gregory F. Hauser
       Sherica R. Bryan
       Wuersch & Gering LLP
       100 Wall Street, 10th
       Floor New York,
       New York 10005
       Tel: (212) 509-5050
       Fax: (212) 509-9559
       *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Samuel Goldman, am an attorney at Samuel Goldman & Associates and am counsel for the Defendant and Third-Party Plaintiff, in the above-captioned proceeding. I hereby certify that on March 1, 2019, I caused the foregoing Local Rule 56.1 Statement in Support of Partial Summary Judgment to be served electronically via the United States District Court, Southern District of New York Court's ECF system upon those parties entitled to receive electronic notice.

Samuel Goldman