UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
AMERICAN LECITHIN COMPANY,
LIPOID GmbH, LIPOID LLC, and
PHOSPHOLIPID GmbH,

                    Plaintiffs,

-against-

CARSTEN MATTHIAS REBMANN,
                Defendant, Counterclaim
                and Third-Party
                Plaintiff,

-against-

HERBERT REBMANN, LIPOID STIFTUNG,
LIPOID BETEILIGUNGS GmbH,
LIPOID VERWALTUNGS AG,
LIPOID GRUNDSTUECKS GMBH, and
PHOSPHOLIPID FORSCHUNGSZENTRUM e.V.,

                    Third-Party Defendants.
--------------------------------------------------------x

Case No. 12-cv-00929-VSB-KNF

**RESPONSE PURSUANT TO LOCAL
RULE 56.1 TO THIRD PARTY
DEFENDANT'S STATEMENT OF
PURPORTED UNDISPUTED FACTS**

Pursuant to Rule 56.1(b) of the Local Rules of the United States Courts for the Eastern and Southern Districts of New York, Defendant Carsten Matthias Rebmann responds as follows to each statement, numbered 1 through 7, in Third-Party Defendant's Local Rule 56.1 Statement in Support Motion for Partial Summary Judgment

1. Defendant Carsten Matthias Rebmann resides in the City and State of New York. (Second Amended Answer, Counterclaims and Third-Party Claims/Dkt. 187, hereinafter "2d Am. Ans.", ¶ 7; Answer to First Counterclaim and Ninth and Eleventh Third-Party Claims/Dkt. 261, hereinafter "Reply", ¶ 71.)

**Response**: Undisputed

1

2. Third-Party Defendant Herbert Rebmann (hereinafter "Dr. Rebmann") resides in Germany. (2d Am. Ans. ¶ 76; Reply ¶ 76.)

**Response**: Undisputed

3. Defendant has asserted his Ninth Third-Party Claim against Dr. Rebmann for conversion of Defendant's ownership shares of former Third-Party Defendant Lipoid Grundstücks GmbH (hereinafter "Lipoid G"). (2d Am. Ans. ¶¶ 257-63.)

**Response**: Undisputed

4. Defendant is a former owner of ten percent of Lipoid G. (2d Am. Ans. ¶¶ 82-88; Reply ¶¶ 82-88 & 258-63.)

**Response**: Disputed. Defendant maintains that he is still the owner of such 10% interest since it was taken from him unlawfully. (2d Am. Ans. ¶¶ 132-140; ¶ 135: "These 'for cause' reasons are baseless and without merit, and thus the purported 'forfeiture' of Matthias' interest in the Lipoid Group was improper and unlawful.")

5. Defendant has alleged in his Ninth Third-Party Claim that Dr. Rebmann took Defendant's shares in Lipoid G, which Dr. Rebmann has denied. (2d Am. Ans. ¶¶ 257-63; Reply ¶¶ 257-63.)

**Response**: Undisputed

6. In fact, Defendant has (a) admitted in his pleading that the taking of his shares happened by shareholder meeting resolutions, (b) admitted in affidavits filed in this action that it was the company Lipoid G that took his shares by action of the shareholders at a shareholders' meeting on January 9, 2103, and (c) provided a translated copy of the minutes of that meeting showing that the company mandated he forfeit his shares and itself took possession of the shares; in addition, the Defendant

2

has stated by affidavit that it is Lipoid G that owes him compensation for the shares, not Dr. Rebmann. (2d Am. Ans. ¶¶ 149-50; Defendant's Affidavit Oct. 18, 2013, ¶ 15 & Ex. D/Dkt. 74 & 78; Defendant's Affidavit October 9, 2015 ¶ 48/Dkt. 206.)

1.      **Response:** Undisputed as to (a); Disputed as to the rest of the statement. Defendant has always maintained that it was Dr. Rebmann who wrongfully took his shares, notwithstanding that he used Lipoid G as an instrumentality to do so via a procedurally and substantively defective shareholders' vote.  The fact that he did so through the means of a shareholders' resolution does not absolve him of liability for his wrongful acts. Defendant never stated that "it is Lipoid G that owes him compensation for the shares, not Dr. Rebmann" as evidenced in paragraph 48 of Defendant's Affidavit October 9, 2015, Dkt. 206, Matthias said that "Herbert admits that Lipoid G is obligated to pay me the fair market value of my interest." It was Herbert that made this admission, and neither Matthias nor Herbert stated that Herbert was not obligated to pay, as well. (Affidavit of Carsten Matthias Rebmann Dkt. 206, ¶ 34: "Right after I asked this Court to sanction my father for failing to appear for his deposition, he acted to take away my 10% interest in Lipoid G for various wrongs I had allegedly committed to other members of the Lipoid Group."; ¶ 39: "My father also does not dispute that I am entitled to the value of my 10% interest in Lipoid G (*Id.* at 39), which he wrongfully took from me in 2012. The issue is the value of the interest. If my father stripped Lipoid G of its business under false pretenses, which he did, then I am entitled to the value of 10% of the Lipoid Group. If my father knew that his repeated assurances that I act as an equity owner in the Lipoid Group (because I was one) were not true and that he did not intend it to be true – as apparently, from his testimony, was the case - then I am entitled to 10% of the value of the Lipoid Group."; ¶ 48: "Herbert caused Lipoid G to wrongfully take my 10% interest as a shareholder in Lipoid G. Herbert

3

admits that Lipoid G is obligated to pay me the fair market value of my interest *(Id.* at 39), but has so far made no effort to do so."; ¶ 49: "My father does not dispute that I am entitled to receive the value of my 10% interest in Lipoid G, so there can be no dispute that I am entitled to an accounting with respect to that interest. I became entitled to this accounting when my father caused me to forfeit my 10% ownership interest in Lipoid G in 2012.") (Affidavit of Carsten Matthias Rebmann Dkt. 74 ¶ 15: "The minutes reflected that at this meeting, at which only he and his second wife were present, they voted to take my 10% share ownership in Lipoid G 'for cause.' The procedures whereby my shares were taken were both procedurally and substantively defective.")

7. Third-Party Defendant Herbert Rebmann confirms that it was Lipoid G, not he, that took Defendant's ownership interest by vote of its shareholders, that Defendant's shares were not transferred to him, and that he never received any interest in, possession of, or custody or control of those shares. (Rebmann Decl. ¶¶ 5-8.)

**Response**: Disputed.  Dr. Rebmann wrongfully took Matthias' shares. The fact that he did so through the means of a shareholders' vote or that he caused the shares to be transferred not to him or that he caused himself not to receive a direct interest in or possession of, or custody or control of those shares, does not absolve him of liability for his wrongful acts.  (See citations in response to Statement 6).

Dated:  March 29, 2019

Respectfully Submitted,

Samuel Goldman

To:   Gregory F. Hauser
      Sherica R. Bryan
      Wuersch & Gering LLP
      100 Wall Street, 10th
      Floor New York,
      New York 10005
      Tel: (212) 509-5050
      Fax: (212) 509-9559
      *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Samuel Goldman, am an attorney at Samuel Goldman & Associates and am counsel for the Defendant and Third-Party Plaintiff, in the above-captioned proceeding. I hereby certify that on March 29, 2019, I caused the foregoing **Response Pursuant to Local Rule 56.1 to Third Party Defendant's Statement of Purported Undisputed Facts** to be served electronically via the United States District Court, Southern District of New York Court's ECF system upon those parties entitled to receive electronic notice.

Samuel Goldman

6