UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
AMERICAN LECITHIN COMPANY,
LIPOID GmbH, LIPOID LLC, and
PHOSPHOLIPID GmbH,

                             Plaintiffs,                  Case No. 12-cv-00929-VSB-KNF

-against-


CARSTEN MATTHIAS REBMANN,
                    Defendant, Counterclaim
                    and Third-Party
                  Plaintiff,
-against-

HERBERT REBMANN, LIPOID STIFTUNG,
LIPOID BETEILIGUNGS GmbH,
LIPOID VERWALTUNGS AG,
LIPOID GRUNDSTUECKS GmbH, and
PHOSPHOLIPID FORSCHUNGSZENTRUM e.V.,

                         Third-Party Defendants.
-------------------------------------------------------x


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THIRD-PARTY
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**


       The issue on this motion for partial summary judgment is whether the undisputed facts show that Defendant has no claim for conversion against Third-Party Defendant Dr. Herbert Rebmann. Under New York case law, it is clear that Defendant must show that Dr. Rebmann converted property of the Defendant's by exercising at least dominion and control over that property. Defendant cannot do so. Defendant's own testimony shows that it was not Dr. Rebmann who exercised dominion and control over Defendant's withdrawn company ownership interest, but the company.

1

While Defendant claims that Dr. Rebmann was the directing force behind the shareholder resolution that resulted in company action, Defendant himself testifies and submits documents showing that it was the company, Lipoid Grundstücks GmbH ("Lipoid G"), which in fact withdrew and exercised dominion, control and possession of Defendant's ownership interest in Lipoid G as a result of shareholder action.  It was not Dr. Rebmann who took Defendant's interest but Lipoid G.[1]  Defendant offers no evidence, as is his obligation in opposing this motion, that Dr. Rebmann committed an act that amounted to conversion of Defendant's ownership interest by Dr. Rebmann individually.

The two cases Defendant cites for the proposition that conversion need not involve a physical taking possession or exercise of ownership do not save his claim.  There must still be an affirmative act directly affecting claimant's property to constitute conversion.  The defendant to the claim must personally stand between the claimant and his property and deny the claimant his property rights.  The cases Defendant cites make clear that the accused tortfeasor must by an unauthorized act exercise at least "dominion and control" to the exclusion of the claimant's ownership rights:

> This unlawful exercise of dominion and control over plaintiff's property constitutes a conversion. Interference with the right to possession is the essence of a conversion. It is not necessary that one take actual physical possession of property to be guilty of conversion. Any wrongful exercise of dominion by one other than the owner is a conversion. Nor is a wrongful intention to possess the property of another an essential element of a conversion. It is sufficient if the

---

[1] Defendant's claim for conversion is defective for still another reason:  Under New York law, he must plead and prove that he in fact had a physical stock certificate or other tangible paper document evidencing his ownership interest that was converted by Dr. Rebmann.  *See LG Capital Funding, LLC v. CardioGenics Holdings, Inc.,* No. 16-CV-1215-AMD-SJB, 2018 WL 1521861, at *6 (E.D.N.Y. Feb. 20, 2018); *LG Capital Funding, LLC v. Coroware, Inc.*, No. 16-CV-2266 (AMD) (PK), 2017 WL 9250379, at *4 (E.D.N.Y. July 12, 2017); *Jin Yung Chung v. Sano*, No. 10-CV-2301 (DLI)(CLP), 2011 WL 1298891, at *8-9 (E.D.N.Y. Mar. 31, 2011).  Defendant has made no such allegation.

> owner has been deprived of his property by the defendant's unauthorized act in assuming dominion and control. No manual taking of the property or application of it to the defendant's own use is required. The exercise of dominion over property to the exclusion of and in defiance of the owner's right is a conversion.

*Gen. Elec. Co. v. Am. Export Isbrandsten Lines, Inc.*, 37 A.D.2d 959, 959-60, 327 N.Y.S.2d 93, 95 (2d Dept. 1971) (internal citations omitted); *Hillcrest Homes, LLC v. Albion Mobile Homes, Inc.*, 117 A.D.3d 1434, 1436, 984 N.Y.S.2d 755, 757 (4th Dept. 2014) ("A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession") (quoting *Colavito v. N.Y. Organ Donor Network, Inc.,* 860 N.E.2d 713, 717, 8 N.Y.3d 43, 49-50 (2006)) (additional citations omitted).  While Dr. Rebmann may have exercised his own, separate ownership interests along with the other shareholders to produce a decision by the company, he was not the entity who exercised any dominion or control over Defendant's ownership interest. Defendant claims that the withdrawal by Lipoid G was unauthorized by German law, but, even crediting that claim *arguendo*, that would be an unauthorized act by the company, not by Dr. Rebmann.

The shortcoming in Defendant's case is that he has clearly in his own affidavit testimony and accompanying exhibits portrayed a situation in which his ownership interest in Lipoid G went directly from his hands to the company's as a result of company action.  There was no intermediate transfer from Defendant to Dr. Rebmann, no stopover in Dr. Rebmann's hands, before the company reabsorbed the shares.  Dr. Rebmann never exercised dominion or control over the shares, much less any possession or ownership; the company withdrew them directly from Defendant and retained those shares itself.

Defendant also cites a group of cases for the proposition that officers or agents of a corporation are personally liable for their own acts which bring about a conversion even if acting on behalf of the corporation. Those cases, though, all involved corporate officers acting as officers and exercising direct dominion and control, and often personal possession, of the plaintiff's tangible property. *See Jami Mktg. Servs., Inc. v. Howard,* No. 86 CV 3352, 1988 WL 46106, at *2-3 (E.D.N.Y. Apr. 26, 1988) (plaintiff's money allegedly taken by corporate officers for their own purposes); *PDK Labs, Inc. v. G.M.G. Trans W. Corp.*, 101 A.D.3d 970, 974, 957 N.Y.S.2d 191, 195 (2d Dept. 2012) ("the complaint adequately alleges that the individual defendants personally participated in the allegedly wrongful withholding of the pharmaceuticals"); *Ingram v. Machel & Jr. Auto Repair, Inc.*, 148 A.D.2d 324, 325, 538 N.Y.S.2d 539, 541 (1st Dept. 1989) (corporation president who hired auctioneer to sell plaintiff's automobile was a "direct participant" in the conversion); *Prudential-Bache Secs., Inc. v. Golden Larch-Sequoia, Inc.*, 118 A.D.2d 487, 487-88 500 N.Y.S.2d 1, 1-2 (1st Dept. 1986) (defendant corporate officers who refused plaintiff's request to them to return money mistakenly wired to corporation and under defendants' control could be liable for conversion). These cases are inapplicable. Dr. Rebmann did not take Defendant's ownership interest and give them to the company, nor did Dr. Rebmann hire someone to do so.

This was not Dr. Rebmann acting as a company officer or agent. This was Dr. Rebmann and the other shareholders acting in their capacities as shareholders. It is long-settled law that shareholders are not agents of a corporation. *See Rensselaer & S.R. Co. v. Irwin*, 239 F. 739, 746 (N.D.N.Y. 1917), *aff'd*, 249 F. 726 (2d Cir. 1918); *Van Heusen v. Van Heusen Charles Co.*, 74 Misc. 292, 299, 131 N.Y.S. 401, 406 (Supr. Ct. Albany Cty. 1911). Their action in coming to a group decision does not make them personally liable for the actions of the company.

Lipoid G withdrew Defendant's ownership interest directly from Defendant. If Defendant has a claim, it is against Lipoid G for breach of contract, not against Dr. Rebmann for tort.

## **Conclusion**

For the foregoing reasons, Third-Party Defendant's Motion for Partial Summary Judgment should be granted in its entirety.

Dated:  April 5, 2019

                                              Respectfully submitted,

                                              _____
Gregory F. Hauser
Wuersch & Gering LLP
100 Wall Street, 10th Floor
New York, New York 10005
(212) 509-5050

*Attorneys for Plaintiffs and for Third-Party Defendant Herbert Rebmann*