UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMERICAN LECITHIN COMPANY, LIPOID GmbH, LIPOID, LLC, and PHOSPHOLIPID GmbH,

    Plaintiffs,

-against-

CARSTEN MATTHIAS REBMANN,

    Defendant.

Case No. 12-cv-0929 (RA)

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

---

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

ORDERED that any person subject to this Order -- including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order -- shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" or "Highly Confidential" pursuant to the terms of this Order shall not disclose such Confidential or Highly Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material (the "Designating Party") may designate as Confidential only such portion of such material as consists of:

      (a)    previously nondisclosed financial information (including without limitation financial or accounting reports, tax returns, or sales information);

      (b)    previously nondisclosed material relating to ownership or control of any non-public company;

      (c)    previously nondisclosed business plans, product development information, customer information, or marketing plans;

      (d)    previously nondisclosed material containing or representing a trade secret or other confidential research, development, or commercial information;

      (e)    any information of a personal or intimate nature regarding any individual; or

      (f)    any other category of information hereinafter given confidential status by the Court.

3.    In connection with the disclosure of any document, thing, or information, a Designating Party or that person's counsel may designate as Highly Confidential, in whole or in part, any Confidential Discovery Material deemed in good faith by the Designating Party to contain or represent Confidential Discovery Material that is particularly sensitive because the Designating Party reasonably and in good faith believes that such material, in the hands of a competitor or counterparty, could seriously compromise the business interests of the Designating Party, or otherwise contains sensitive technical, financial or commercial information that could result in serious competitive disadvantage if disclosed.

4.    With respect to the Confidential or Highly Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Designating Party or that person's

2

counsel may designate such portion as Confidential or Highly Confidential by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted.

5. A Designating Party or its counsel may designate deposition exhibits or portions of deposition transcripts as "Confidential" or "Highly Confidential" either by: (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential [or Highly Confidential] Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within thirty (30) days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Highly Confidential" in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Designating Party or that person's counsel. During the 30-day period following a deposition, all parties will treat the entire deposition transcript as if it had been designated Highly Confidential.

6. If at any time prior to the trial of this action, a Designating Party realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential or Highly Confidential, the Designating Party may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential or Highly Confidential under the terms of this Order.

7. Nothing contained in this Order will be construed as: (a) a waiver by a party or person of the right to object to the designation of any material as Confidential or Highly Confidential, (b) a waiver by a party or person of the right to seek a court order permitting disclosure of material designated as Confidential and Highly Confidential to the extent needed for the preparation for trial or any other aspect of this action, including appeals, (c) a waiver by a party or person of its right to object to any discovery request; (d) a waiver of any privilege or protection; or (e) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

8. All Confidential or Highly Confidential Discovery Material produced in accordance with the provisions of this Order shall be utilized solely and exclusively for purposes of this action, including any appeals. Confidential and/or Highly Confidential Discovery Material may not be used in connection with any other litigation, actual or contemplated, or for any other purpose whatsoever, absent agreement by the parties or an order of this Court or of a Court having jurisdiction over the Designating Party, non-party, or person. Use for purposes of this litigation shall include use in testimony and exhibits at trial, and in connection with motions, depositions, witness preparation, counsel pretrial investigations and appeals, subject to the restrictions of this Order. A party or person may use its own designated Confidential or Highly Confidential Discovery Material for any purpose whatsoever.

9. Except as permitted in writing by the Designating Party or Court Order, no person subject to this Order other than the Designating Party shall disclose any of the Discovery Material designated by the Designating Party as Confidential to any other person whomsoever, except to:

    (a) the parties to this action;

(b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d) any mediator or arbitrator that the parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers engaged to transcribe depositions conducted in this action; and

(i) the Court, and any appellate court, and its support personnel, including court reporters.

10. Except as permitted in writing by the Designating Party or Court Order, no person subject to this Order other than the Designating Party shall disclose any of the Discovery

Material designated by the Designating Party as Highly Confidential to any other person whomsoever, except to:

    (a)    counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter; outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

    (b)    any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (c)    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    (d)    any person who, at the time of the document's creation, had explicit or implicit authority to access the document, provided however, that that there first be a ten day advance notice to the Designating Party of any such disclosure of such a document, and any responding objection by the Designating Party shall bar such disclosure unless overruled by the Court;

    (e)    any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (f)    stenographers engaged to transcribe depositions conducted in this action; and

    (g)  the Court, and any appellate court, and its support personnel, including court reporters.

  11.  If a Party desires to show Confidential or Highly Confidential Discovery Material to a person who is not permitted by this Protective Order to have access to such Confidential or Highly Confidential Discovery Material, that Party shall seek permission from the Designating Party by providing notice of the specific Discovery Material and the identity of the person(s) as to whom disclosure is sought. The Designating Party shall not unreasonably withhold or delay consent to a request made pursuant to this Paragraph. Should the Designating Party not consent to the request, the requesting Party may seek the permission of the Court upon motion duly made. Notwithstanding anything herein to the contrary, the Designating Party bears the burden of establishing the propriety of its designation of documents or other material as Confidential or Highly Confidential provided herein.

  12.  Prior to any disclosure of any Confidential or Highly Confidential Discovery Material to any person, including those referred to in subparagraphs 8 (d), (f) and (g) and 9 (b) and (d), such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

  13.  All Confidential or Highly Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential or Highly Confidential Discovery Material, shall be filed under seal with the Clerk

of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In filing Confidential or Highly Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential of Highly Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

14. This Order binds the Parties and certain others to treat as Confidential or Highly Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential or Highly Confidential hereunder. All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced into evidence at trial, even if such material has previously been sealed or designated as Confidential or Highly Confidential.

15. Any party who either objects to any designation as Confidential or Highly Confidential, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

16. Nothing in this Order will prevent any Party from producing any Confidential or Highly Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such party gives written notice to the Designating Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Designating Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Designating Party deems it appropriate to do so.

17. Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18. Within 60 days of the final disposition of this action—including all appeals— all recipients of Confidential or Highly Confidential Discovery Material must either return it— including all copies thereof— to the Designating Party, or, upon permission of the Designating Party, destroy such material— including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Designating Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential or Highly Confidential Discovery Material. Notwithstanding this provision, the attorneys that the parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential or Highly Confidential Discovery Material. Any such

archival copies that contain or constitute Confidential or Highly Confidential Discovery Material remain subject to this Order.

19. This Protective Order shall survive the termination of the litigation and continue to be binding upon all persons subject to this order to whom Confidential or Highly Confidential Discovery Material is produced or disclosed.

20. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

21. This Protective Order may be changed by further order of this Court, and is without prejudice to the rights of a person to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

SO STIPULATED AND AGREED:

By: _____
Gregory F. Hauser
Wuersch & Gering LLP
100 Wall Street, 21st Floor
New York, NY 10017
(212) 509-4717
Attorneys for Plaintiffs and
Third-Party Defendant

Dated: 18 Sept 2020

By: _____
Samuel Goldman
Samuel Goldman & Associates
200 Park Avenue, Suite 1700
New York, NY 10166
(212) 725-1400
Attorney for Defendant

Dated: Sept. 18, 2020

SO ORDERED:

Dated: New York, New York
September 23 , 2020

_____
Vernon S. Broderick
United States District Judge

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

AMERICAN LECITHIN COMPANY,
LIPOID GmbH, LIPOID, LLC, and
PHOSPHOLIPID GmbH,

      Plaintiffs,

-against-

CARSTEN MATTHIAS REBMANN,

      Defendant.

------------------------------------------------------------x

Case No. 12-cv-0929 (JSR)

Non-Disclosure Agreement

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential. I agree that I will not disclose such Confidential or Highly Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all Confidential or Highly Confidential Discovery Material to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____       _____