UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
AMERICAN LECITHIN CO., LIPOID GmbH,
LIPOID LLC, *and* PHOSPHOLIPID GmbH,

                Plaintiffs,

       -against-

CARSTEN MATTHIAS REBMANN,

                Defendant;
                Counterclaim and
                Third-Party Plaintiff,

       -against-

HERBERT REBMANN, LIPOID
GRUNDSTUECKS GmbH, LIPOID
VERWALTUNGS, GmbH, LIPOID AG, *and*
COMPLECTOR AG,

                Third-Party
                Defendants.
------------------------------------------------------------------X

**ORDER**

**12-CV-929 (VSB) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

      On May 24, 2023, Plaintiffs and Defendant were heard on the discovery dispute at Dkt. No. 325.  The issues before the court were compelling disclosure related to (i) Plaintiffs' intercompany transfer prices, (ii) Plaintiffs' management fees and services with other members of the Lipoid group companies, (iii) Plaintiffs' communications with its accountants regarding Plaintiffs' tax returns during the relevant period, (iv) the working papers and backups used to calculate Plaintiffs' tax obligations during the relevant period, (v) documents and communications concerning government audits of the Plaintiffs and the other members of the Lipoid group, and (vi) documents

related to Defendant's mother's will and Defendant's inheritance.  Dkt. No. 325, Ex. C, p. 1.  The discovery request was GRANTED in part and DENIED in part for the reasons stated more fully on the record and summarized below:

Defendant's request to compel disclosure related to Plaintiffs' intercompany transfer prices is GRANTED.

Defendant's request to compel disclosure related to management and administrative fees and services is GRANTED.

Plaintiffs did not oppose Defendant's request for Plaintiffs' communications with Plaintiffs' accountants regarding tax returns during the relevant period. The Court did not need to make a ruling with respect to this request.

Defendant's request to compel working papers and backups used to calculate Plaintiffs' tax obligations during the relevant period is GRANTED.  Plaintiffs are directed to turn over any responsive documents in their possession related to the tax issues, including intercompany transfer prices and management fees and services as granted above.  For the avoidance of doubt, the relevant period is tax years 2007-2010.

Defendant's request to compel documents and communications concerning government audits of the Plaintiffs' and the other members of the Lipoid group is GRANTED in part.  Defendant agreed to limit this request to government audits of Plaintiffs.  Plaintiffs' counsel confirmed there were no audits of the two domestic Plaintiffs.  If the two foreign Plaintiffs sold goods to the domestic Plaintiffs and there are any audits related to the tax issues raised in this case, including related to intercompany transfer prices and management fees and services, then Plaintiff must turn over those documents and communications.

Defendant's request for documents related to his mother's will and his inheritance is DENIED.

Parties are directed to order a copy of the transcript from today's conference and provide a copy to the Court.

SO ORDERED.

DATED:   New York, New York
         May 24, 2023

_____
JENNIFER E. WILLIS
United States Magistrate Judge